```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Rosemary A. Gilroy

    v.                            Civil No. 07-cv-74-JD

Ameriquest Mortgage Company and
Ameriquest Mortgage Company
Mortgage Services, Inc.

O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest") and Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), alleging predatory lending practices in violation of New Hampshire law. On preliminary review, the magistrate judge ordered service on the defendants. Gilroy has moved for summary judgment, and the defendants object.

Background

Gilroy filed her pro se complaint in March of 2007. Her motion to proceed in forma pauperis was granted on March 23, 2007. On July 23, the magistrate judge completed preliminary review and issued an order for service to be made on the defendants. Counsel filed an appearance on behalf of both defendants on July 30, 2007.

A return of service, executed, was filed on September 9, 2007, as to Ameriquest, and a return of service, unexecuted, was filed for AMC Services.  Gilroy was ordered to provide the court with a current address for AMC Services.  On September 14, 2007, Ameriquest and AMC Services both moved for an extension of time to file their answers, even though AMC Services had not yet been served, citing Gilroy's bankruptcy proceedings and a conditional transfer order from the Multidistrict Litigation Panel ("MDL Panel") in Illinois.  Ameriquest stated in its motion that its answer was due on Friday, September 28, 2007.

On September 13, Gilroy filed a notice that she objected to having her case combined with similar cases against Ameriquest in multidistrict litigation.  The MDL Panel responded on September 20 that the parties would have an opportunity to brief the matter, which would be considered at a later time, and that jurisdiction would continue in New Hampshire unless and until the case was transferred to the MDL proceeding in the District of Illinois.

On October 11, the magistrate judge denied Ameriquest's and AMC Services's motions to extend the time to file answers to Gilroy's complaint.  A return of service, executed, for AMC Services was filed on November 5, 2007.  Ameriquest and AMC Services filed a joint answer to the complaint on November 7,

without seeking leave for Ameriquest to file its answer more than a month late.

Gilroy moved for summary judgment on her claims against Ameriquest, asserting that Ameriquest's answer was untimely filed because its motion for an extension of time had been denied.  In her motion for summary judgment and in a separately filed opposition, Gilroy objected to the jointly filed answer.  She asked the court to enter judgment in her favor against Ameriquest.  Ameriquest filed an objection to Gilroy's motion, recognizing that Gilroy sought default under Federal Rule of Civil Procedure 55 but opposing the motion on the ground that it did not satisfy the requirements of Federal Rule of Civil Procedure 56.

On December 7, 2007, Ameriquest and AMC Services moved for an extension of time to file their answers until November 7, the date when their answers were filed.  They acknowledged that although no default had been entered, Rule 55 nevertheless applied.  Ameriquest and AMC Services explained the circumstances of Ameriquest's late answer and argued that any delay has not been prejudicial to Gilroy.  The magistrate judge granted the motion on December 21, 2007.  On the same day, the MDL Panel sent notice that the conditional transfer notice had been vacated.

Discussion

Although Gilroy's pending motion is titled a motion for summary judgment, Gilroy challenges Ameriquest's late-filed answer and seeks judgment in her favor based on the untimely filing.  As the procedural history of this case shows, after Gilroy filed her motion, Ameriquest and AMC Services sought to rectify Ameriquest's untimely filing by seeking an extension of time.  In that motion, Ameriquest and AMC Services addressed the good cause requirements for setting aside a default under Federal Rule of Civil Procedure 55(c).  Their motion has been granted.

Because Ameriquest's answer is no longer untimely, the grounds for Gilroy's motion have been removed by subsequent events.


Conclusion

For the foregoing reasons, the plaintiff's motion for summary judgment (document no. 23) is denied as moot.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 11, 2008

cc:  William J. Amann, Esquire
     Rosemary A. Gilroy, Esquire