UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Rosemary A. Gilroy

    v.                                  Civil No. 07-cv-0074-JD

Ameriquest Mortgage Company, et al.


O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), and Citi Residential Lending, Inc. ("Citi"), alleging predatory lending practices in violation of New Hampshire law and seeking $937,000 in damages, plus interest.[1]  The defendants move for summary judgment on Counts I, II, III, IV, and VI of Gilroy's amended complaint.  Gilroy filed a "Motion in Opposition to Defendants' Motion for Summary Judgment" (document no. 70), which the court will consider as an objection.  The defendants also move to strike Gilroy's objection, or in the alternative, to strike her affidavit and each exhibit attached to her objection. Gilroy objects to the motion to strike.

---

[1]Ameriquest issued the mortgages in this case and AMC Services was Ameriquest's debt servicing corporation.  The parties aver that Citi's parent corporation purchased AMC Services in 2007 and Citi became Ameriquest's new loan servicer.

I.  <u>Applicable Legal Standard</u>

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>see also</u> <u>Rogan v. City of Boston</u>, 267 F.3d 24, 27 (1st Cir. 2001) ("Summary judgment motions are decided on the record as it stands, not on the pleadings or on the nonmovant's vision of what facts might some day be unearthed by the litigation equivalent of an archeological dig.")  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See <u>Anderson</u>, 477 U.S. at 255.  An absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue.  See <u>Perez v. Volvo Car Corp.</u>, 247 F.3d 303, 310 (1st Cir. 2001).

In this district, a motion for summary judgment must be accompanied by a supporting memorandum that incorporates "a short

and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." LR 7.2(b)(1).  A motion opposing summary judgment must also incorporate "a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require trial."  LR 7.2(b)(2). Importantly, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party."  Id.

II. Background

The following facts are undisputed.  In March of 2000, Gilroy purchased five office condominium units in Amherst, New Hampshire, using approximately $500,000 of her own cash.  She intended to live in one of the units and rent out the others for income.  She converted Unit 1 into a residential condominium, and has resided there since May of 2000.  Unable to find renters for the other four units, Gilroy decided to convert the offices into residential units.

In 2003, Gilroy obtained the required town approvals to convert the offices.  In order to finance the conversions, Gilroy mortgaged Units 1, 2, and 4, to Ameriquest in the amounts of

$312,000, $228,000, and $250,000, respectively, in July of 2004. The mortgages incurred closing costs, and each was subject to an adjustable interest rate, with an initial rate of over nine percent. The initial monthly payments on the mortgages totaled over six thousand dollars. At the time Gilroy took out the mortgages, she knew that she would not be able to make the monthly payments.

In February of 2005, Gilroy needed more money to complete the conversions. She refinanced Unit 2 and gave Ameriquest a mortgage in the amount of $374,850 to secure an adjustable rate note with an initial rate of 8.99 percent. Gilroy's monthly payments now totaled over seven thousand dollars and Ameriquest held over $900,000 in mortgages on Units 1, 2, and 4. Gilroy could not make the mortgage payments, and the defendants instituted foreclosure proceedings on at least one of the units.

Gilroy filed an amended complaint on June 23, 2008, alleging claims under New Hampshire law for fraud, discrimination, intentional infliction of emotional distress, personal injury, harassment, and violations of the New Hampshire Consumer Protection Act. The defendants move for summary judgment on all counts save Count V, the harassment claim.

III. <u>Analysis</u>

**A.   Motion to Strike**

The defendants move to strike Gilroy's objection to the motion for summary judgment in its entirety, under Federal Rule of Civil Procedure 12(f), on the grounds that it relies almost exclusively on inadmissible hearsay and fails to comply with Federal Rule of Civil Procedure 56(e).  In the alternative, the defendants move to strike all of Gilroy's attached exhibits, on the grounds of inadmissible hearsay and irrelevance, and her attached affidavit, on the grounds that it contains inadmissible hearsay and was not made on personal knowledge.

The court declines to strike Gilroy's objection, containing her affidavit and exhibits, in its entirety.  Rather, the court will consider, within its discussion of the summary judgment motion, the requirements of Rule 56(e), as it applies to Gilroy's objection, "disregard[ing] only those portions . . . that are inadequate."  <u>Perez</u>, 247 F.3d at 315 (quoting <u>Akin v. Q-L Invest., Inc.</u>, 959 F.2d 521, 531 (5th Cir. 1992)) (recognizing that application of Rule 56(e) to affidavits "requires a scalpel, not a butcher knife").  There is no need for a separate analysis of each portion of Gilroy's objection.

5

**B.   Summary Judgment Motion**

The defendants seek summary judgment on Counts I, II, III, IV, and VI of Gilroy's complaint. Count I alleges a claim of fraud based upon the defendants' lending practices. In Count II, Gilroy alleges that the defendants discriminated against her based upon her sex and age. Count III alleges a claim of intentional infliction of emotional distress. In Count IV, Gilroy alleges a "Violation of Personal Injury Law." <u>Gilroy Complaint</u>, at 28. Count V alleges that the defendants violated New Hampshire's Consumer Protection Act.

1.   <u>Count I, Fraud</u>

Gilroy complains of a long list of fraudulent acts by the defendants involving the preparation and acceptance of her mortgage applications, and the handling of the mortgages. She contends that the defendants authorized fraudulent appraisals on the units, imposed high interest rates, charged high closing costs, violated Ameriquest's mortgage license, illegally encumbered her property, and escalated her mortgage payments.[2]

The defendants argue that they are entitled to summary

---

[2] Gilroy's complaint is not verified; her affidavit attached to her complaint does not attest to the truth of her allegations. <u>See</u> 28 U.S.C. § 1746.

6

judgment on the fraud claim as a matter of law because Gilroy lacks evidence to support her claim.  To survive summary judgment on her fraud claim, Gilroy must produce competent evidence showing that the defendants "made a representation with knowledge of its falsity or with conscious indifference to its truth with the intention to cause [her] to rely upon it."  Van Der Stok v. Van Voorhees, 151 N.H. 679, 682 (2005).

In support of her fraud claim, Gilroy first points to the exhibits she attached which are allegedly copies of complaints, orders, and news articles from other cases involving fraudulent lending practices by mortgage lenders.  Even if these documents were admissible on summary judgment, they are not evidence of fraudulent misrepresentations made to Gilroy and, therefore, do not support her claim of fraud.[3]

To support her claim that the high appraisal values which Ameriquest assigned to her units in 2004 were fraudulent and above market value, Gilroy attached the following exhibits: alleged copies of the appraisals conducted in July of 2004 on

---

[3]The exhibits constitute hearsay, rendering them inadmissible on summary judgment and at trial, absent some applicable hearsay exception.  See Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.")

7

Units 1, 2, and 4, on behalf of Ameriquest;[4] alleged copies of responses to her inquiries in 1999 and 2002 regarding the value of her units, which demonstrate lower appraisals on the same units; and alleged photographs of Units 2 and 4 which she claims show that the units were empty and unfinished at the time of the Ameriquest appraisal.  Even if these documents and photographs were admissible, and included the misrepresentations which Gilroy claims, they are insufficient to raise a genuine issue of material fact from which a reasonable factfinder could find fraud.[5]  The responses to Gilroy's inquiries regarding the value of the units are dated nearly two and five years prior to the Ameriquest appraisals, they are not full appraisals, and they contained numerous assumptions about the property, as it appears they were made sight unseen.  These documents, therefore, do not constitute competent evidence that the Ameriquest appraisals were

---

[4]The appraisals were allegedly conducted by Advent Appraisal, on behalf of Ameriquest, for purposes of securing the mortgages on Units 1, 2, and 4.  The court notes that these alleged appraisals are completely illegible.

[5]The defendants are correct that the appraisals constitute inadmissible hearsay absent an accompanying certification by a custodian or other qualified person, pursuant to Federal Rules of Evidence 803(6) and 902(11).  Further, the photographs are not labeled with a location or date, their authenticity is not attested to, and several are indecipherable.  The court makes no finding as to the content or authenticity of the documents or the photographs, particularly given that portions of each are indecipherable.

fraudulent or inflated.

The other items that Gilroy produced to support her fraud claim are her alleged mortgage application and the alleged HUD statement for her refinance of Unit 2 in February of 2005. Gilroy claims that the mortgage application was typed out for her, after she had signed a blank copy, that it erroneously listed her as receiving a large monthly income, and that it erroneously listed Unit 2 as her residence. Even if the mortgage application was admissible,[6] Gilroy has not submitted competent evidence in opposition to summary judgment, which shows that the application was filled out for her, that it was false, that Ameriquest knew it to be false, or that she relied upon it.[7] Gilroy also submitted the alleged HUD statement, presumably to show the closing costs associated with the refinance. She produces no evidence, however, which shows that anything within the HUD statement constituted a false representation.

On a final note, to the extent that Gilroy claims she was unable to produce competent evidence for purposes of opposing summary judgment, her failure to comply with Federal Rule of

---

[6] The signature and date sections of the mortgage application are cut off.

[7] Although Gilroy may have produced additional items to the defendants, these items have not been included in the record.

Civil Procedure 56(f) precludes the court from denying the summary judgment motion, or ordering a continuance, on such a basis.[8]  See Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1206 (1st Cir. 1994) (considering whether nonmovant's Rule 56(f) proffer "presented a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact and, thus, defeat summary judgment"); see also FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) ("[A] litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure.") (internal quotation marks omitted) (brackets omitted).

Gilroy has failed to produce any competent evidence showing that the defendants made fraudulent representations to her, with knowledge of their falsity, or, if such representations were made to her, that she relied upon them.  Summary judgment is therefore granted in favor of the defendants as to the fraud claim.

---

[8]Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

2.  <u>Count II, Discrimination</u>

Gilroy broadly alleges that the defendants discriminated against her based upon her sex and age. As the court pointed out once before, Gilroy fails to identify any state or federal law as a basis for her discrimination claim. <u>See</u> Preliminary Review (July 23, 2007, document no. 4). Since the preliminary review, Gilroy has amended her complaint but still has not identified the law upon which she bases her discrimination claims. Moreover, Gilroy has produced no competent evidence to support her claim. Summary judgment is therefore granted in the defendants' favor as to Gilroy's discrimination claim.

3.  <u>Count III, Intentional Infliction of Emotional Distress</u>

Gilroy alleges that the defendants' deceptive and fraudulent lending practices caused her to suffer emotional harm and damages. The defendants argue that Gilroy has produced no evidence to support her claim.

To survive summary judgment, Gilroy must produce competent evidence to show that the defendants, "by extreme and outrageous conduct[,] intentionally cause[d] [her] severe emotional distress." <u>Konefal v. Hollis/Brookline Coop. Sch. Dist.</u>, 143 N.H. 256, 260 (1998). Gilroy must point to conduct by the defendants that is "so severe that no reasonable [person] could

be expected to endure it." Morancy v. Morancy, 134 N.H. 493, 496 (1991) (quoting Restatement (Second) of Torts § 46, comment j.)

Gilroy's complaint lists the various ailments she claims to have suffered as a result of emotional distress caused by the defendants, and she submitted alleged copies of her medical records with her objection. However, even if Gilroy's medical records were admissible and she had presented competent evidence of the defendants' actions, she has not shown that the defendants' actions rose to a level of extreme and outrageous conduct.[9]  The defendants are therefore entitled to summary judgment on this claim.

### 4.   Count IV, Personal Injury

Count IV of Gilroy's complaint alleges a "Violation of Personal Injury Law – Causing Financial Loss to Plaintiff." Gilroy Complaint, at 28. Count IV, however, merely describes the damages she claims against the defendants, should her suit prevail. To the extent Count IV alleges a claim upon which she is entitled to recovery, Gilroy's allegations are completely subsumed by her fraud claim in Count I. Summary judgment is

---

[9]The defendants are correct that the medical records constitute inadmissible hearsay absent an accompanying certification by a custodian or other qualified person, pursuant to Federal Rules of Evidence 803(6) and 902(11).

therefore granted in the defendants' favor as to Count IV.

### 5.   Count VI, New Hampshire Consumer Protection Act

Gilroy alleges that the defendants' unfair and deceptive lending practices violated New Hampshire's Consumer Protection Act.  See N.H. Rev. Stat. Ann. ("RSA") 358-A (2006) ("CPA").  She contends the violation caused her damages as a result of, among other things, loss of equity, high closing costs, and an excessive interest rate.  The defendants argue that they are entitled to summary judgment because Gilroy has not proven her claim.

The CPA provides, in relevant part:  "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state."  RSA 358-A:2.  The CPA also contains a non-exhaustive list of prohibited practices. Id.  The First Circuit has recognized that additional practices are considered "unfair" under the CPA if

> (1) it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness, (2) it is immoral, unethical, oppressive, or unscrupulous, or (3) it causes substantial injury to consumers.

Chroniak v. Golden Inv. Corp., 983 F.2d 1140, 1146 (1st Cir.

1993) (internal quotation marks omitted) (emphasis omitted). Further, a practice is considered deceptive under the CPA "if it could reasonably be found to have caused a person to act differently from the way he otherwise would have acted." Id. (internal quotation marks omitted) (ellipsis omitted).

As the party with the burden of proof at trial, Gilroy must produce some evidence, admissible at trial, supporting her claim that the defendants engaged in unfair or deceptive lending practices which caused her injury. See Anderson, 477 U.S. at 256. Gilroy makes several allegations in her objection to the summary judgment motion concerning the alleged unfair and deceptive practices of the defendants, and the alleged financial injury she has suffered as a result. Mere allegations, however, are not enough to survive summary judgment. See Rogan, 267 F.3d at 27. For the all the reasons given above regarding Gilroy's other claims, Gilroy has produced no competent evidence to support her allegations. The defendants' motion for summary judgment is therefore granted as to Gilroy's claims under the CPA.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 62) is granted as to Counts I, II,

III, IV, and VI, and the defendants' motion to strike the plaintiff's objection (document no. 72) is terminated as moot.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

February 20, 2009

cc: Rosemary Gilroy, pro se
    Thomas Tretter, Esq.