```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Rosemary A. Gilroy

    v.                              Civil No. 07-cv-0074-JD

Ameriquest Mortgage Company, et al.

O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), and Citi Residential Lending, Inc. ("Citi"), alleging predatory lending practices in violation of New Hampshire law. The court granted summary judgment in favor of the defendants on Counts I, II, III, IV, and VI of Gilroy's amended complaint, and the only remaining claim in this case is the harassment claim, as alleged in Count V.

Gilroy sought leave to file the names and reports of her expert witnesses by January 5, 2009, which was granted.  On January 5, Gilroy filed a list of expert witnesses, which included Gilroy's statement of each witness's purported area of expertise, address, and telephone number.  On January 15, 2009, the defendants moved to strike Gilroy's list of expert witnesses, contending that Gilroy had not complied with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), which requires a

written report from each expert, containing certain listed information.

On February 24, 2009, Gilroy filed a motion to strike the defendants' motion to strike her expert list.  In her motion, Gilroy represents that the defendants failed to serve her with their motion to strike.[1]  She acknowledges, however, that she became aware of the motion on February 10, 2009, because it was referenced in the defendants' pretrial statement.  She further acknowledges, that when she contacted the defendants' counsel, counsel agreed to assent to her motion for leave to file a late objection to the motion to strike.  Instead of proceeding along that reasonable course, Gilroy chose to move to strike the defendants' motion.  Although the defendants have not yet responded to Gilroy's motion to strike, to avoid further delay, the court will address the matters raised in both motions.

## Discussion

I. Gilroy's Motion to Strike

Whether Gilroy was properly served with the defendants' motion to strike is immaterial, given the defendants' proposal

---

[1] It appears from the wording of the certification of service in the defendants' motion, that Gilroy may have been served only electronically by CM/ECF.  If that were the case, Gilroy would not have been properly served.

that she file an assented-to motion for leave to file a late objection.  Gilroy offers no persuasive reason for failing to follow that path.  Therefore, Gilroy's motion to strike the defendants' motion is denied.

II.  Defendants' Motion to Strike

Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Rule 26(a)(2)(B) further requires that disclosure include "a written report prepared and signed by the witness" if the witness is "retained or specially employed to provide expert testimony in the case . . . ."[2]  "A party who fails to disclose the necessary information

---

[2] The written report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the date or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial." <u>Pena-Crespo v. Puerto Rico</u>, 408 F.3d 10, 13 (1st Cir. 2005) (citing Fed. R. Civ. P. 37(c)(1)).

Gilroy's expert disclosure fails to comply with the requirements of Rule 26(a)(2)(B), and she offers no substantial justification for her failure to produce the required expert reports.  Therefore, none of nine the witnesses listed in Gilroy's expert disclosure will be permitted to give expert testimony at trial.

## Conclusion

For the foregoing reasons, the defendants' motion to strike (document no. 74) Gilroy's expert disclosure is granted and Gilroy's motion to strike (document no. 83) is denied.

SO ORDERED.

*/s/Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

February 27, 2009

cc: Rosemary A. Gilroy, Pro se
    Thomas C. Tretter, Esq.