```
              UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Rosemary A. Gilroy

    v.                                        Civil No. 07-cv-0074-JD

Ameriquest Mortgage Company, et al.

O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), and Citi Residential Lending, Inc. ("Citi"), alleging predatory lending practices in violation of New Hampshire law. The court granted summary judgment in favor of the defendants on Counts I, II, III, IV, and VI of Gilroy's amended complaint, and the only remaining claim in this case is the harassment claim, as alleged in Count V. The defendants filed a motion in limine to preclude Gilroy from testifying in narrative form at trial. Gilroy objects.

Discussion

I. Applicable Legal Standard

"The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for

the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."  Fed. R. Evid. 611(a).  Under Rule 611, the court has discretion to allow or bar narrative testimony.  See <u>National R.R. Passenger Corp. v. Certain Temporary Easements Above Railroad Right of Way in Providence, Rhode Island</u>, 357 F.3d 36, 42 (1st Cir. 2004) (recognizing trial court has broad discretion in decisions regarding manner of witness testimony, so long as undue prejudice does not result to either party).

II. <u>Analysis</u>

Gilroy misunderstands the defendants' motion.  She responds that it will be impossible for her to answer the defendants' questions with simple "yes" or "no" answers and that she must be permitted to answer in narrative form.  The defendants' motion, however, does not concern their questioning of her on <u>cross-examination</u>, but rather her own testimony on <u>direct examination</u>.[1]

The court will not require Gilroy to testify, on direct examination, in a question and answer format as this will present

---

[1] Direct examination is "[t]he first questioning of a witness in a trial . . . conducted by the party <u>who called</u> the witness to testify."  Black's Law Dictionary 492 (8th ed. 2004) (emphasis supplied).  Cross-examination is "[t]he questioning of a witness at trial or hearing by the party <u>opposed</u> to the party who called the witness to testify."  <u>Id.</u> at 405 (emphasis supplied).

obvious practical difficulties. In giving narrative testimony, however, Gilroy must comply with the Federal Rules of Evidence. Before trial, Gilroy would be well-advised to become familiar with the Federal Rules of Evidence in general, and in particular with Rules 401, 403, 404(b), 801 through 807, and 901; the Federal Rules of Civil Procedure pertaining to trials; and the local rules of this district governing trials. In addition, because Gilroy's case is limited to a single claim – that she was harassed in violation of New Hampshire Revised Statutes Annotated Chapter 358-C – all evidence presented at trial must be relevant and material to that claim. See Procedural Order (March 3, 2009). The court will not permit general discursive testimony but only testimony that directly relates to the elements of the claim in Count V.

## Conclusion

For the foregoing reasons, the defendants' motion in limine (document no. 79) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 3, 2009

cc:  Rosemary Gilroy, pro se
     Thomas Tretter, Esq.