UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rosemary A. Gilroy

    v.                            Civil No. 07-cv-0074-JD

Ameriquest Mortgage Company, et al.

P R O C E D U R A L   O R D E R

In light of the court's recent order granting summary judgment in favor of the defendants on Counts I, II, III, IV, and VI of Gilroy's amended complaint, and the statements in the parties' pretrial statements, the court provides the following summary of the current status of the case.

This case is set for trial the period beginning March 17, 2009. The only remaining claim in this case is for harassment, under Count V, in violation of New Hampshire Revised Statutes Annotated ("RSA") Chapter 358-C (1995 & Supp. 2008).[1] To establish a violation of Chapter 358-C, Gilroy must prove that the defendants engaged in "unfair, deceptive or unreasonable" debt collection practices. RSA 358-C:2. Such practices include: "causing a telephone to ring or engaging any person in telephone

---

[1] This claim was construed by the court in its Preliminary Order. (July 23, 2007, document no. 4, at 12). Gilroy did not object to the court's construction of her harassment claim and she is therefore bound by it.

conversation repeatedly or continuously or at unusual times or at times known to be inconvenient with the intent to abuse, oppress or harass any person at the called number." RSA 358-C:3, I(a). Therefore, to succeed at trial, Gilroy must prove, by a preponderance of admissible evidence, that the defendants engaged in practices prohibited by RSA 358-C:2. See Petition of Preisendorfer, 143 N.H. 50, 54 (1998) ("[P]roof by preponderance means that evidence, taken as a whole, shows that the fact or cause shown to be proven is more probable than not.") (internal quotation marks omitted) (brackets omitted).

Damages are available under Chapter 358-C, for either "the sum of $200 plus costs and reasonable attorney's fees for each violation," or "[f]or all damages proximately caused by the violation," whichever is greater. RSA 358-C:4, I. To be entitled to statutory damages, Gilroy must prove that the defendants engaged in practices prohibited by RSA 358-C:2. If Gilroy seeks damages proximately caused by the defendants' violations (provided such violations are proven), she will have to prove, by a preponderance of the evidence, that the defendants' violations of RSA 358-C were the proximate cause of her injuries. See Carignan v. New Hampshire Int'l Speedway, Inc., 151 N.H. 409, 414 (2004) ("[T]o establish proximate cause, the plaintiff must prove that the defendant's conduct caused or

contributed to cause the harm.").

In addition, the court notes that this case is scheduled as a bench trial. The court is aware that Gilroy requests a jury trial in her pretrial statement. Her request is untimely and not properly made as required under the Federal Rules of Civil Procedure. Her request is therefore denied.

The court has issued several orders regarding the procedures to be followed at trial. The parties will be strictly held to the court's instructions contained in these orders.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 3, 2009

cc: Rosemary Gilroy, pro se
    Thomas Tretter, Esq.