```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Rosemary A. Gilroy

    v.                              Civil No. 07-cv-74-JD

Ameriquest Mortgage Company, et al.


O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), and Citi Residential Lending, Inc. ("Citi"), alleging predatory lending practices in violation of New Hampshire law. The court granted summary judgment in favor of the defendants on Counts I, II, III, IV, and VI of Gilroy's amended complaint, and the only remaining claim in this case is the harassment claim, as alleged in Count V. Trial is scheduled for the period beginning March 17, 2009.

Before the court are several motions filed by Gilroy and a single motion filed by the defendants. Although the defendants have not yet responded to Gilroy's motions, the court will address them to avoid further delay.

<u>Discussion</u>

I. <u>Gilroy's Motions</u>

    A. <u>Motion to Recuse</u>

Gilroy's recusal motion rests on the ground that the undersigned judge dismissed an earlier civil suit filed by her in an unrelated matter. This is an insufficient basis for recusal. The motion (document no. 92) is denied.

    B. <u>Motion for a Continuance</u>

Gilroy requests a two-month continuance on the ground that she has spoken with an attorney who "intends" to represent her in this matter. <u>Gilroy Motion to Continue</u>, document no. 95. Despite Gilroy's assertion, no attorney has filed an appearance with the court in this case on her behalf. This case was filed on March 15, 2007, and Gilroy has had almost two years to hire an attorney. While an attorney may file an appearance on Gilroy's behalf and may represent her at trial, a continuance will not be granted, less than two weeks before trial, for the purpose of allowing Gilroy more time to secure an attorney. The court denies Gilroy's motion for a continuance (document no. 95).

    C.    <u>Motions to Extend Time to File Motions for Reconsideration</u>

Gilroy requests an additional thirty days to file a motion for reconsideration (document no. 93) of the court's February 20, 2009, order granting summary judgment in favor of the defendants and an additional ten days to file a motion for reconsideration (document no. 97) of the court's February 27, 2009, order granting the defendants' motion to strike Gilroy's expert disclosure and denying Gilroy's motion to strike the defendants' motion to strike.  Gilroy bases both motions on her assertion that she has consulted an attorney who intends to represent her and prepare her motions for reconsideration.

As the court stated above, no appearance has been filed by any attorney in this case and Gilroy's motion for a continuance has been denied.  Gilroy offers no other justification for her request for an extension of time and her motions (document nos. 93 & 97) are therefore denied.

    D.    <u>Motions to Extend Time to File Objections</u>

Gilroy requests an extension of time to file an objection (document no. 94) to the defendants' motion to amend the scheduling order and an extension of time to file an objection (document no. 98) to the defendants' motion for summary judgment on Count V.  The defendants' motion to amend the scheduling order

3

has been resolved in her favor and, therefore, an objection is not necessary, although she may file one for the record. <u>See</u> Order (March 3, 2009, document no. 89). Further, the defendants have not filed a motion for summary judgment on Count V. They only referenced their intent to file a summary judgment motion should the court grant their motion to amend the scheduling order. As stated above, the court denied the motion and explained that a late summary judgment motion on Count V will not be permitted. Given that a summary judgment motion on Count V has not been filed, no objection is warranted. Gilroy's motions to extend time to object (documents nos. 94 & 98) are terminated as moot.

II. <u>Defendants' Motion</u>

    A. <u>Motion to Excuse Defendants</u>

Pursuant to Local Rule 16.3(a), the defendants request that they be excused from physically appearing at the pretrial conference scheduled for March 9, 2009. Gilroy filed a motion requesting an additional ten days to file an objection (document no. 96) to the defendants' motion. Gilroy's objection is noted. Since the pretrial conference is imminent, the court will proceed to rule on the defendants' request.

In support of their motion, the defendants state that a physical appearance would require a representative to travel from

4

California, that a representative will be available by telephone, that their counsel will appear on their behalf, and that he will have settlement authority.  Based upon the defendants' representations, the court finds that granting their motion will not result in prejudice to Gilroy.  The defendants' motion (document no. 86) is granted, and Gilroy's request for an extension of time (document no. 96) to object to the motion is denied.  The defendants shall ensure that a representative is available by telephone for the pretrial conference.


## Conclusion

For the foregoing reasons, Gilroy's motion to recuse (document no. 92), motion to continue (document no. 95), motions to extend time to file motion for reconsideration (document nos. 93 & 97), and motion to extend time to object to the defendants' motion to be excused from physically appearing at the pretrial conference (documents no. 96) are denied.  Gilroy's motions to extend time to file an objection to the defendants' motion to amend the scheduling order (document no. 94) and to the defendants' motion for summary judgment (document no. 98) are terminated as moot.  The defendants' motion to excuse their

physical appearance at the pretrial conference (document no. 86) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 4, 2009

cc:   Rosemary Gilroy, pro se
      Thomas Tretter, Esquire