UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Rosemary A. Gilroy</u>

   v.                                 Civil No. 07-cv-0074-JD
                                          Opinion No. 2009 DNH 030

<u>Ameriquest Mortgage Company, et al.</u>

O R D E R

    Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought suit against Ameriquest Mortgage Company ("Ameriquest"), Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), and Citi Residential Lending, Inc. ("Citi"), alleging predatory lending practices in violation of New Hampshire law. On February 20, 2009, the court granted summary judgment in favor of the defendants on Counts I, II, III, IV, and VI of Gilroy's amended complaint ("summary judgment order"), leaving Gilroy's claim for harassment in violation of New Hampshire Revised Statutes Annotated 358-C as the only remaining claim in this case.[1]

    On March 3, 2009, Gilroy filed a motion seeking a thirty-day extension to file a motion for reconsideration of the court's

---

[1]The defendants did not move for summary judgment on the harassment claim.

summary judgment order.  As a basis for her motion, Gilroy asserted that she was in the process of hiring counsel to represent her in this matter and that an extension of time was necessary for counsel to review the history of the case and prepare a motion for reconsideration.  The court denied her motion, noting that Gilroy had ample time to secure the services of an attorney in the two years during which this case has been pending and that an attorney had yet to file an appearance in this case on her behalf.[2]

On March 9, 2009, Gilroy submitted a motion for leave to file an untimely motion for reconsideration of the court's summary judgment order accompanied by her motion for reconsideration.  On March 16, 2009, after reviewing Gilroy's motions, the court granted Gilroy's motion for leave to file an untimely motion for reconsideration, and denied Gilroy's motion for reconsideration.  On March 16, 2009, Gilroy filed a second motion for leave to file an untimely amended motion for reconsideration and an amended motion for reconsideration of the court's summary judgment order.  Although the court has already reviewed and denied Gilroy's motion for reconsideration and she

---

[2]At the pretrial conference held on March 9, 2009, Gilroy informed the court that the attorney she had been speaking with had declined to represent her in this case.

raises no new substantive issues, the court will address her amended motion for purposes of correcting the erroneous statements and assumptions contained within it.  Although the defendants have not yet responded to Gilroy's amended motion for reconsideration, the court will address it to avoid further delay.

## Discussion

### I. Legal Standard

The court will grant a motion for reconsideration only where the moving party demonstrates "that the order was based on a manifest error of fact or law."  LR 7.2(e).  "The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'"  Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

### II. Analysis

Gilroy argues that the court erred by dismissing counts I, II, III, IV, and VI when Judge Muirhead held in his preliminary review that she had asserted valid claims, requiring her to prove her case on summary judgment, refusing to consider her objection to the defendants' motion for summary judgment and the exhibits

she submitted with her objection, failing to consider her deposition testimony, ignoring the documents she produced to the defendants at her deposition, and failing to give her leniency as a pro se plaintiff.

Gilroy relies on an incorrect standard for reviewing a motion for summary judgment.  She cites to Federal Rule of Civil Procedure 12(b)(6) and cases applying this rule to support her argument that the court erred in granting summary judgment against her.  Rule 12(b)(6) applies to motions to dismiss based upon a "failure to state a claim upon which relief can be granted."  The Rule 12(b)(6) standard is similar to that which Judge Muirhead applied on preliminary review of Gilroy's complaint.  It is not applicable to motions for summary judgment, where the court must employ a different standard of review, and where the parties must support their factual assertions with evidence that is admissible at trial.  <u>See</u> LR 7.2(b) (stating that memoranda in support of, and in opposition to, summary judgment "shall incorporate a short and concise statement of material facts, supported by appropriate record citations . . . .").

The defendants' motion demonstrated that there was a lack of evidence sufficient to constitute a triable issue of fact on Counts I, II, III, IV, and VI.  While it was not necessary that

4

Gilroy prove her case on summary judgment, as the party with the burden of proof at trial, she was required to submit competent evidence which shows that there was a genuine issue for trial. As the court explained in its summary judgment order, Gilroy failed to meet the summary judgment standard.

Contrary to Gilroy's assertion, the court did consider her objection to the defendants' motion for summary judgment and her attached exhibits. Although the exhibits she submitted would be inadmissible at trial, they were considered in deciding the motion.[3] Even if the exhibits were admissible, Gilroy failed to produce sufficient evidence to support her claims.[4] Further, the court did not ignore her affidavit because it was not made on personal knowledge. The court merely noted that Rule 56(e) requires that affidavits be made on personal knowledge, but nevertheless considered it.

---

[3] The court commented in its summary judgment order that some of the exhibits she attached were illegible. Upon further inspection, the court notes that Gilroy did submit legible paper copies which were then scanned by the clerk's office. However, as the court noted in the summary judgment order, even accepting these documents as representing the information Gilroy asserted, her claims could not survive summary judgment.

[4] Contrary to Gilroy's claim, the court did not <u>remove</u> exhibit M, containing an alleged copy of a mortgage application, from her objection to the defendants' motion for summary judgment. Rather, the court limited remote access to this document for the protection of Gilroy's privacy. The exhibit was considered in deciding summary judgment.

Gilroy also improperly relies upon decisions from other cases, which she submitted as exhibits.  That the defendants may have engaged in fraudulent lending practices against other individuals is not evidence that they engaged in fraudulent lending practices against Gilroy.  As stated in the summary judgment order, the cases Gilroy cited "are not evidence of fraudulent misrepresentations made to Gilroy . . . ."  Order, at 7 (February 20, 2009, document no. 82).  To prove her fraud claim, Gilroy was required to submit evidence showing that the defendants engaged in fraudulent lending practices against her; evidence of fraudulent lending practices against others is irrelevant to her case.  Similarly, to the extent Gilroy relies on decisions in class action cases to require a certain outcome in her case, she is mistaken.  Gilroy is not a party to the class actions and has opted to bring her own suit.  As such, she must prove her claims in this case and cannot rely upon the claims proven in other cases.

Gilroy claims that the court did not consider her deposition testimony.[5]  Gilroy cited to several pages of deposition testimony in her objection to the defendants' motion for summary judgment, which the court considered.  Gilroy now cites to

---

[5] Gilroy's deposition testimony was submitted by the defendants in support of their motion for summary judgment.

additional testimony in her 300-page deposition which she contends supports her dismissed claims.  It was Gilroy's burden on summary judgment to cite to those portions of her deposition which supported her claims.  See LR 7.2(b)(2).

Nevertheless, the court has reviewed the newly cited portions of Gilroy's deposition testimony in response to her motion for reconsideration and finds that they are insufficient to present a genuine issue of material fact for trial on her dismissed claims.  Accepting her cited deposition statements as true, they alone are insufficient to maintain claims for fraud (Count I), discrimination (Count II), intentional infliction of emotional distress (Count III), personal injury (Count IV), or a violation of New Hampshire's Consumer Protection Act (Count VI).

Gilroy also claims that the court erroneously failed to consider the documents she submitted to the defendants during her deposition.  These documents, however, were never submitted to the court.  See Hoffman v. Applicators Sales & Serv., Inc., 439 F.3d 9, 15 (1st Cir. 2006) ("[D]ocuments do not automatically become a part of the record simply because they are the products of discovery.").  On summary judgment, the court is limited to the record as it stands and the documents provided to it by the parties.  If Gilroy intended to rely upon these documents to oppose summary judgment, the burden was on her to provide them to

the court; her submission of these documents to the defendants does not satisfy this burden.  See id. ("If a party wishes the court to consider matters disclosed during discovery, he must take appropriate steps to have them included in the record.").

In addition, Gilroy's objection was considered in light of her pro se status.  However, Gilroy is not exempt from complying with the Rules of Civil Procedure and the Local Rules of this court.  See FDIC v. Anchor Properties, 13 F.3d 27, 31 (1st Cir. 1994) ("[A] litigant's pro se status does not absolve him from compliance with the Federal Rules of Civil Procedure.") (internal quotation marks omitted) (brackets omitted).

## Conclusion

For the foregoing reasons, Gilroy's motion for leave to file an untimely amended motion for reconsideration (document no. 110) is granted and her amended motion to reconsider the court's summary judgment order (document no. 109) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 24, 2009

cc:  Rosemary A. Gilroy, pro se
     Thomas C. Tretter, Esquire