UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rosemary A. Gilroy

v. Civil No. 07-cv-074-JD
Opinion No. 2009 DNH 108

Ameriquest Mortgage Company
and Ameriquest Mortgage Company
Mortgage Services, Inc.

O R D E R

Proceeding pro se and in forma pauperis, Rosemary A. Gilroy brought a complaint against the defendants, Ameriquest Mortgage Company ("Ameriquest") and Ameriquest Mortgage Company Mortgage Services, Inc. ("AMC Services"), for violations of New Hampshire Revised Statutes Annotated ("RSA") 358-C:3, I(a). Specifically, Gilroy alleged that the defendants harassed her by repeatedly calling her at home regarding her delinquent mortgage payments.

The court held a bench trial on May 11, 2009. Each party submitted a set of proposed findings of fact and rulings of law before trial. At the close of the evidence, the defendants submitted a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 52(c), to which Gilroy objected. The court issued findings of fact and rulings of law on June 17, 2009, denying the defendants' Rule 52(c) motion, holding that

they violated RSA 358-C:3, I(a), and awarding Gilroy $40,000 in statutory damages. See June 17, 2009, Order, document no. 136.

On June 25, 2009, the defendants filed a motion requesting an extension of time to file a motion for a new trial. Any motions under Federal Rule of Civil Procedure 59(a) were due on or before July 2, 2009. Before the court ruled on the defendants' motion, however, the defendants filed a timely motion for a new trial on June 26, 2009. Gilroy filed an objection to the defendants' request for an extension of time on June 29, 2009, accompanied by a motion requesting sanctions against the defendants for leading Gilroy to believe that their motion for a new trial would be late. The defendants filed an objection to Gilroy's motion. On June 29, 2009, the defendants filed a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The defendants also filed a motion to excuse their non-compliance with Local Rule 7.1(c) for failing to include a certification with their motions that a good faith attempt was made to obtain concurrence from Gilroy. Gilroy objects to the defendants' motions for a new trial and to amend the judgment.

I. Defendants' Motions

In their Rule 59(a) motion, the defendants argue that they are entitled to a new trial because (1) Gilroy does not qualify as a consumer under RSA 358-C and is therefore not entitled to the protections of the statute, (2) the finding that they violated RSA 358-C:3, I(a) on 200 separate occasions is against the clear weight of the evidence, (3) the award of $40,000 in damages is against the clear weight of the evidence, and (4) the court's findings are based upon Gilroy's false assertions.

In their Rule 59(e) motion, the defendants repeat their argument that Gilroy is not entitled to the protections of RSA 358-C.

A. Applicable Legal Standard

Rule 59(a) provides, in relevant part: "The court may, on motion, grant a new trial on all or some of the issues - and to any party . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1). If a new trial is granted following nonjury trial, the court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

The court may also grant a partial new trial on a limited issue, such as damages. See Rice v. Cmty Health Ass'n, 203 F.3d 283, 290 (4th Cir. 2000).

The court has broad discretion to grant or deny a motion for a new trial. See Gasperini v. Ctr. for Humanities, 518 U.S. 415, 433 (1996); Rivera Castillo v. Autokirey, Inc., 379 F.3d 4, 13 (1st Cir. 2004). Although Rule 59(a) does not specify the instances in which a new trial may be granted, federal court jurisprudence has recognized that a new trial may be granted when the judgment is against the weight of the evidence and a new trial is necessary to prevent a miscarriage of justice, see Rivera, 379 F.3d at 13, the amount of the judgment is excessive, or newly discovered evidence is presented to the court which would have likely altered the trial's outcome, see Colon-Millin v. Sears Roebuck de P.R., Inc., 455 F.3d 30, 36 n.4 (1st Cir. 2006).

Under Rule 59(e), a party may move to alter or amend the judgment entered after trial. "[I]t is very difficult to prevail on a Rule 59(e) motion." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2. (1st Cir. 2005). The court will grant a Rule 59(e) motion only "'where the movant shows a manifest error of law or newly discovered evidence.'" Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling

Co. of New England, 492 F.3d 54, 60 (1st Cir. 2007)). However, the court may properly deny a Rule 59(e) motion which is "grounded on the discovery of evidence that, in the exercise of due diligence, could have been presented earlier," Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir. 2005), which merely repeats arguments previously made and properly rejected by the court, see Prescott, 538 F.3d at 45, or which raises "'arguments which could, and should, have been made before judgment issued,'" Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009) (quoting Harley-Davidson Motor Co. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990)). See also FDIC v. World University Inc., 978 F.2d 10, 16 (1st Cir. 1992) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'" (quoting Harley-Davidson Motor Co., 897 F.2d at 616)); Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995) (holding that district court did not err in refusing to consider affidavit submitted by plaintiffs for the first time in a motion for reconsideration).

B. Definition of "Consumer" Under RSA 358-C

In both their Rule 59(a) and Rule 59(e) motions, the defendants argue that Gilroy is not a consumer as defined by RSA 358-C:1. The defendants assert that this argument is based on

the court's finding of fact that Gilroy took out mortgages on her property for the purpose of converting them into rental units.

While this is an interesting argument which may or may not have merit, it was never presented to the court before judgment was entered. The defendants argue that they raised the issue of Gilroy's status as a consumer in their motion for summary judgment. In their motion for summary judgment, however, the defendants argued that Gilroy did not qualify as a consumer under the New Hampshire Consumer Protection Act, RSA 358-A.[1] Even after the court dismissed Gilroy's claims with the exception of her harassment claim under RSA 358-C:3, the defendants did not raise their "consumer" argument in the context of Gilroy's harassment claim.[2] The defendants did not raise this argument in their requested findings of fact and rulings of law or in their Rule 52(c) motion for judgment as a matter of law. Further, they

[1]The defendants expressly excluded Gilroy's harassment claim from their motion for summary judgment. See Defendants' Memorandum, doc. no. 63, at 1; Order, doc. no. 89, at 1-2.

[2]Following the court's order on summary judgment, the defendants filed a motion to amend the scheduling order so that they could file a summary judgment motion on the remaining harassment claim. Within their motion to amend, the defendants asserted a legal argument which they claimed would support summary judgment in their favor on the harassment claim. The motion did not assert that Gilroy was not a consumer for purposes of the protections of RSA 358-C:3. See Defendants' Motion to Amend Scheduling Order, doc. no. 85, at 2.

offer no reason why this argument was not raised before the court entered judgment.

The defendants appear to argue that they raised the issue of Gilroy's status as a consumer for the first time post-judgment because it arose from the court's findings of fact. However, as the defendants themselves recognize, the fact that Gilroy took out mortgages on her property for the purpose of converting them into rental units was undisputed throughout this case. This fact, therefore, does not constitute a sufficient ground for presenting a new legal theory post-judgment.

For the foregoing reasons, the defendants' argument that Gilroy is not entitled to the protections of RSA 358-C:3 does not constitute a sufficient ground for granting a new trial under Rule 59(a) or amending the judgment under Rule 59(e).

C. Violations of RSA 358-C:3, I(a)

Based on the testimonies of Gilroy and her daughter, Robin Benjamin, which the court found credible, and which the defendants failed to refute with evidence at trial, the court found that the defendants had made 200 calls to Gilroy in violation of RSA 358-C:3, I(a). As the court noted in its order, this was a conservative estimate, given the evidence presented at trial. In reaching this number, the court did not, as the

defendants claim, find that Gilroy's estimate was not credible. Rather, the court merely recognized that Gilroy's testimony was that she received up to three calls per night, up to three nights per week, for one year, and that she did not remember specifically how many calls were made. As stated in the court's findings of fact, the court found Gilroy's testimony credible and made a conservative estimate of calls based on her testimony.

The defendants also reiterate the argument, previously rejected by the court, that Gilroy failed to prove her case because she did not establish the exact number of calls, or the specific date and time of each call. As the court explained in its rulings of law, RSA 358-C:3, I(a) does not state that such specific proof is necessary to establish a violation under the statute. The court was entitled, therefore, to estimate the number of calls based upon the evidence presented at trial. The defendants persist, however, that Gilroy "produced no objective evidence" that the defendants made 200 calls to her. Gilroy was not required to produce "objective evidence" to prove her case. The defendants ignore the evidence that was presented at trial, namely the testimonies of Gilroy and Benjamin. The court, as factfinder, assesses the credibility of witnesses and gives such weight as it deems proper to each witness's testimony. See Smith v. F.W. Morse & Co., 76 F.3d 413, 423 (1st Cir. 1996) ("In a

bench trial, . . . credibility judgments are the judge's prerogative."). Based on the evidence Gilroy produced regarding her statements to the defendants, the court inferred that Gilroy told the defendants as soon as the calls began not to call her and that she did not have the funds to pay the mortgages. Therefore, the court found that each of the 200 calls was a violation of RSA 358-C:3, I(a).[3]

For the foregoing reasons, the defendants' argument that the court's finding that the defendants made 200 calls to Gilroy in violation of 358-C:3, I(a) is against the weight of the evidence does not constitute a sufficient ground for granting a new trial under Rule 59(a).[4]

---

[3]The court notes that the newly submitted evidence which the defendants attach in support of their motion for a new trial supports the court's finding. See Defendant's Motion for New Trial, doc. no. 139, Exhibit B, Servicing Notes Unit 1, at 7 (mortgage servicing log for Gilroy's mortgage on Unit 1 notes the following during a call made on February 24, 2006: "FEMALE ANSW, ID'D AMC SHE [SAID] 'DON'T CALL ME' I ASKD IF SHE WAS BRWR SHE REPEATED HERSLF AND [HUNG UP]" and on February 27, 2006: "BRW [SAID] THAT SHE WANTS US TO STOP CALLING AND SHE WILL SEND PYMT AS SOON AS SHE CAN").

[4]The defendants raise additional issues under this argument, all of which were previously presented and rejected by the court and which will not be repeated here.

D. Damages

The defendants argue that the award of $40,000 in statutory damages is against the weight of the evidence. Specifically, they argue that the court could not treat each of the 200 calls as "a separate and distinct violation" of RSA 358-C:3, I(a). Given the absence of New Hampshire case law on this issue, the defendants turn to the federal Fair Debt Collection Practices Act ("FDCPA"). See 15 U.S.C. § 1692 et seq. As the defendants correctly note, § 1692k(2)(A), which provides for statutory damages for violations of the FDCPA, has been interpreted as permitting $1,000 in damages per action, rather than per violation.[5] See, e.g., Peter v. GC Servs. L.P., 310 F.3d 344, 352 n.5 (5th Cir. 2002). Based upon their interpretation of the federal statute, the defendants argue that RSA 358-C:4 cannot be interpreted as permitting $200 in damages per call. They complain that by failing to calculate damages under RSA 358-C:4 in the same manner as damages are calculated under § 1692k(2)(A), the court awarded a windfall to Gilroy.

The defendants' argument is raised for the first time in their post-judgment motion. The belatedness of this argument is sufficient, in and of itself, to reject it outright. However,

---

[5]Section 1692k(2)(A) provides for "additional damages as the court may allow, but not exceeding $1,000."

even if the argument had been timely raised, the court would have rejected it because it is without merit. RSA 358-C:4, unlike § 1692k(2)(A), provides that a debtor may recover statutory damages in the amount of "the sum of $200 plus costs and reasonable attorney's fees for each violation . . . ." (Emphasis supplied). The statute, therefore, explicitly provides statutory damages for each violation, not for each action or up to a specific amount. The court found that based on Gilroy's statements to the callers, as well as the overall frequency and context of the calls, each call constituted a violation of RSA 358-C:3, I(a). See RSA 358-C:4.

For the foregoing reasons, the defendants' argument that the damage award was against the weight of the evidence does not constitute a sufficient ground for granting a new trial under Rule 59(a).

E. False Evidence

The defendants also argue that they are entitled to a new trial because Gilroy's testimony was false. To support their argument, the defendants provide the affidavit of Michael Gibson, a senior vice president of Ameriquest's and AMC Services' parent company, ACC Capital Holdings Corporation, and the "servicing

notes" for Gilroy's mortgages, which the defendants claim indicate the frequency, date, and time of calls made to Gilroy.

The evidence the defendants offer is presented for the first time in their post-judgment Rule 59(a) motion. Both parties had a full and fair opportunity to present their evidence to the court at trial. The defendants may not, upon receiving an unfavorable judgment, present evidence which was previously available to them to support their defense in a post-judgment motion. To say the least, it is puzzling why the defendants have waited to present evidence post-judgment when they had ample opportunity to present evidence at trial.[6] The defendants offer no explanation as to why their newly presented evidence was not offered during trial.[7] See Emmanuel, 426 F.3d at 422 (recognizing that district court may properly deny "a motion for reconsideration [under Rule 59(e)] grounded on the discovery of evidence that, in the exercise of due diligence, could have been presented earlier"). As the First Circuit has expressed, "once the ball has ended, the district court has substantial discretion in deciding whether to strike up the band again in order to allow

---

[6]The defendants did not present any evidence at trial.

[7]The evidence which the defendants offer is from their own records and appears to have been easily obtained. The defendants do not claim that their newly presented evidence was previously unavailable.

the losing party to argue new material or a new theory." Appeal of Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987). The defendants were aware of what Gilroy would undertake to prove at trial and had their opportunity to present evidence to counter her evidence. They chose to forgo this opportunity and in essence now want another bite at the apple.

The defendants' argument that the court's decision was based upon false evidence, supported only by their belatedly-submitted affidavit and documents, does not constitute a sufficient ground for granting a new trial under Rule 59(a).

## II. Gilroy's Motion for Sanctions

Gilroy requests sanctions against the defendants for filing a motion to extend time to file a motion for a new trial, only to file a timely motion for a new trial a day later. Gilroy argues that she expended unnecessary time preparing a moot objection to the defendants' motion. While the court understands Gilroy's frustration, the defendants' conduct is not grounds for the court to issue sanctions. It is the nature of litigation that parties and attorneys may spend time preparing motions and objections that are ultimately unnecessary.

Conclusion

For the foregoing reasons, the defendants' Rule 59(a) motion for a new trial (document no. 139) is denied; the defendants' Rule 59(e) motion to amend the judgment (document no. 143) is denied; and Gilroy's motion to object (document no. 141) is denied. The defendants' motion to excuse non-compliance (document no. 148) is granted. The defendants' motion to extend time (document no. 138), Gilroy's motions to extend time (document nos. 142 & 145), and Gilroy's motion requesting the court's acceptance of her motions (document no. 146) are terminated as moot.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

July 21, 2009

cc: Rosemary A. Gilroy, pro se
Thomas C. Tretter, Esquire